DA 10-0137

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 240N

LINDA B. JONAS,

        Plaintiff and Appellee,

  v.

EDWIN R. JONAS, III,

        Defendant and Appellant.

APPEAL FROM:     District Court of the Twentieth Judicial District,
                   In and For the County of Lake, Cause No. DV 2009-388
                   Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Ronald F. Waterman, Gough, Shanahan, Johnson & Waterman, PLLP,
                Helena, Montana

        For Appellee:

                Quentin M. Rhoades, Sullivan, Tabaracci & Rhoades, P.C., Missoula,
                Montana

                         Submitted on Briefs:  October 14, 2010

                                 Decided:  November 9, 2010

Filed:

                      _____
                              Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Edwin R. Jonas, III, (Edwin) appeals the denial of his motion for reconsideration. We affirm.

¶3 The present appeal is the latest round in this divorce battle between Edwin and Linda Jonas (Linda), which began in 1990 in New Jersey and has involved courts in New Jersey, Florida, and now Montana. The facts relevant to this appeal follow.

¶4 On May 23, 2006, the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, entered judgment against Edwin,[1] awarding Linda a grand total of $695,476.97, plus $147,205.35 in interest, for Edwin's unpaid obligations. The New Jersey Court also ordered that Edwin had a current, continuing alimony obligation to Linda of $3,000 per month. By separate order, also dated May 23, 2006, judgment was entered against Edwin awarding Linda attorney's fees of $7,552.50. The judgments were affirmed by the Superior Court of New Jersey, Appellate Division. *Jonas v. Jonas,* 2008 WL 239069 (N.J. Super. A.D. January 30, 2008). Edwin did not appeal to the New Jersey Supreme Court.

---

[1] Edwin has not physically appeared in court in New Jersey since 1995, but was represented by

¶5 Linda sought to have the New Jersey judgments enforced in Montana pursuant to the Uniform Enforcement of Foreign Judgments Act, §§ 25-9-501 to -508, MCA. On December 4, 2009, she filed a Notice of Filing Foreign Judgment, accompanied by the May 23, 2006, New Jersey judgments. On December 18, 2009, Edwin filed a corrected Motion to Stay or Vacate the Foreign Judgment. No supporting brief was filed. On December 29, 2009, Linda filed a Motion for Charging Order, Appointment of Receiver, Foreclosure of Interest and Judicial Dissolution of Limited Liability Company, with a supporting brief, seeking Edwin's interest in Blacktail Mountain Ranch Company, LLC. That same day, Linda also filed a lis pendens regarding Blacktail Mountain Ranch Company, LLC, and a response to Edwin's Motion to Vacate. On January 13, 2010, Edwin filed his response to Linda's Motion for Charging Order. The District Court denied Edwin's Motion to Vacate on January 25, 2010, for failure to file a supporting brief.

¶6 On February 1, 2010, a Writ of Execution was issued against Edwin in the amount of $1,091,391.21, which included the New Jersey judgments, plus additional unpaid alimony and interest which accrued after the New Jersey judgments were entered. On February 3, 2010, the District Court granted Linda's Motion for Charging Order, ordered a receiver be appointed, and judicially dissolved Blacktail Mountain Ranch Company, LLC, with the proceeds being used to satisfy the judgments, any remainder going to Edwin.

¶7 On February 5, 2010, Edwin filed a Motion to Stay Proceedings, a Motion to Quash the Writ of Execution, a Motion to Set a Hearing, and a Motion to File Sur-Reply,

---

counsel when the New Jersey judgments were entered.

3

accompanied by a combined brief and sur-reply brief. On February 12, 2010, Edwin filed a Motion for Reconsideration regarding the District Court's February 3, 2010, entry of the Charging Order. No supporting brief was filed. On February 18, 2010, a receiver was appointed by the District Court. On February 22, 2010, Linda filed a Notice of Bankruptcy Filing, informing the District Court that Edwin filed for bankruptcy on February 19, 2010.

¶8 On February 23, 2010, Edwin renewed his Motion for Reconsideration, which had not yet been ruled upon by the District Court. No supporting brief was filed. On March 3, 2010, the District Court denied Edwin's Motions for Reconsideration on two bases: 1) neither motion for reconsideration was supported by a brief as required by M. R. Civ. P. 2;[2] and 2) a motion for reconsideration does not exist under Montana law. Edwin appealed the March 3, 2010, Order denying the Motions for Reconsideration on March 22, 2010.

¶9 Denial of a motion for failure to file a supporting brief is reviewed for an abuse of discretion. *Moody v. Northland Royalty Co.*, 286 Mont. 89, 94-95, 951 P.2d 18, 21-22 (1997). The District Court did not abuse its discretion when it denied both of Edwin's motions for reconsideration. It was not the first time Edwin failed to support a motion with a brief as required by the Uniform District Court Rules.

¶10 Motions for reconsideration do not exist under Montana law. *Horton v. Horton*, 2007 MT 181, ¶ 7, 338 Mont. 236, 165 P.3d 1076; *Jones v. Montana University System*, 2007 MT 82, ¶ 13, 337 Mont. 1, 155 P.3d 1247. We have said so repeatedly. *Nelson v. Driscoll,* 285 Mont. 355, 359-60, 948 P.2d 256, 258-59 (1997). For a motion for reconsideration to have

---

[2] The District Court incorrectly cited M. R. Civ. P. 2. The correct citation is Uniform District

4

any effect, it must be equated to another type of motion the rules allow. *ABC Collectors, Inc. v. Birnel*, 2006 MT 148, ¶¶ 14-15, 332 Mont. 410, 138 P.3d 802. The only other types of motions applicable to this case were either a Rule 59 or a Rule 60 motion. However, seeking to relitigate old matters, or raising arguments that could or should have been raised before judgment issued, should not be the subject of a Rule 59 motion. *Nelson*, 285 Mont. at 360-61, 948 P.2d at 259. Reconsideration of an earlier motion on its merits cannot be the subject of a Rule 60(b) motion. *Donovan v. Graff*, 248 Mont. 21, 24, 808 P.2d 491, 493 (1991). The District Court did not err.

¶11 Finally, Edwin's claim that the 2006 New Jersey judgments were satisfied by pre-judgment transfers of money and property held in constructive trust for Linda is barred by res judicata. Res judicata prohibits relitigation of claims a party has had the opportunity to litigate. *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267. Res judicata requires a prior final judgment, and applies when: (1) the parties or their privies are the same; (2) the subject matter of the action is the same; (3) the issues related to the subject matter are the same; and (4) the capacities of the person are the same in reference to the subject matter and issues between them. *Id*. at ¶¶ 15-16. All the elements of res judicata are met. It appears this issue was actually litigated. *See Jonas v. Jonas*, 2008 WL 239069 *1 (N.J. Super. A.D. January 30, 2008). Even if it was not, the record makes clear that Edwin had the opportunity to litigate this issue in New Jersey before the judgments were entered. Res judicata bars Edwin's claim in Montana. *See Smith v. Mason*, 1998 MT 192, ¶ 19, 290

---

Court Rule 2.

5

Mont. 253, 964 P.2d 743 (in a foreign judgment action, res judicata barred defendant from relitigating issue of jurisdiction in Montana courts).

¶12     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.  The legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's conclusion.  The District Court did not abuse its discretion.

¶13     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE